SRM

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| **United States of America,**<br>Plaintiff/Respondent<br>-vs-<br>**Leslie Charles Cohen,**<br>Defendant/Movant | CR-01-0099-PHX-JAT<br>CV-04-0933-PHX-JAT (JI)<br><br>**REPORT & RECOMMENDATION**<br>**On Motion to Vacate, Set Aside, or**<br>**Correct Sentence Pursuant to**<br>**28 U.S.C. § 2255** |

## I. MATTER UNDER CONSIDERATION

Movant, following his conviction in the United States District Court for the District of Arizona, filed a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 on May 4, 2004  (#218).  Movant filed an Amended Memorandum in Support on March 31, 2005 (#256).  On April 20, 2005, Respondent filed its Amended Response (#257).   Movant filed a Reply to Amended Response on November 7, 2005  (#271).

The Movant's Motion is now ripe for consideration.  Accordingly, the undersigned makes the following proposed findings of fact, report, and recommendation pursuant to Rule 10, Rules Governing Section 2255 Cases , Rule 72(b), Federal Rules of Civil Procedure, 28 U.S.C. § 636(b) and Local Rule of Civil Procedure 72.2(a)(2).

## II. RELEVANT FACTUAL & PROCEDURAL BACKGROUND
## A. FACTUAL BACKGROUND

Movant is a citizen and native of Canada, who was ordered on July 25, 1996 to be deported as an aggravated felon as a result of convictions for mail and bank fraud.[1]   Movant

---

[1] Response, #228, Exhibit 8, Appellate Memorandum Decision at 2; Memorandum, #221, Exhibit C, IJ Decision.

1  subsequently re-entered the United States, and was apprehended.  On January 21, 2001, an

2  Indictment (#7) was issued against Movant, charging him with illegal re-entry after deportation

3  in violation of 8 U.S.C. § 1326(a) and (b)(2).

4

5  **B. PROCEEDINGS AT TRIAL**

6        Movant retained James J. Syme, Jr. as counsel.[2] Mr. Syme had worked as a criminal

7  defense attorney since 1973, has been certified as a specialist in Criminal law by the Arizona

8  State Bar, and has tried approximately 150 criminal jury trials.[3]  However, Mr. Syme had not

9  previously tried a federal criminal case.

10        The matter was eventually set for trial on May 1, 2001, but was continued until June 5,

11  2001, based upon the unavailability of a government witness.[4] Trial was again continued when

12  the Court granted the Government's motion for a competency evaluation.  Trial counsel did not

13  oppose the motion for a competency evaluation.  At the same time, the matter was referred to

14  Magistrate Judge Anderson for a settlement conference, which was unsuccessful.[5]

15        In the meantime, trial counsel moved to dismiss on the basis, in part, that Movant's prior

16  deportation had been subject to an automatic stay based on an appeal to the Ninth Circuit.

17  (#25).  That motion was taken under advisement because trial counsel did not have available

18  documents necessary to establish that Movant's deportation order was final at a time that the

19  automatic stay provisions applied.[6]  The motion was subsequently reurged, and was denied.[7]

20        Movant was ultimately determined to be competent, and the matter was set for trial on

21  September 4, 2001.[8]  However, trial counsel and the prosecution had discussed a continuance

22  to allow the Ninth Circuit to consider one of Movant's interlocutory appeals.  Movant

23  subsequently instructed trial counsel to oppose any continuance.  In the meantime, however,

24

25      [2] M.E. 1/12/01, #2
26      [3] Response, #228, Exhibit 10, Syme Affidavit at ¶ ¶ 1-4.
    [4] M.E. 4/19/01, #23.
27      [5] M.E. 5/22/01, #27.
    [6] M.E. 6/7/01, #33; R.T. 4/19/01, #99 at 8.
28      [7] Order 7/27/01, #42.
    [8] Order 8/20/01, #52.

1   the prosecutor had traveled out of the district.[9]   The Court eventually granted a second
2   continuance based upon an agreement between the parties.[10]

3   Defense counsel subsequently filed a second motion to dismiss the indictment as
4   defective and duplicitous.[11]   That motion was denied at trial.[12]

5   The matter was tried beginning on September 25, 2001.[13]  Trial counsel did not propose
6   any special voir dire to the jury, but did exercise one strike for cause.[14]   In closing arguments,
7   trial counsel argued to the jury that the evidence of Movant's alienage and deportation was
8   undisputed, but argued that there was at least a reasonable doubt about whether Movant had the
9   Government's consent to re-enter the country when he crossed the Canadian/U.S. Border, and
10   was "waved on through" the border check station.[15]  Movant was ultimately found guilty.[16]

11   After trial, Mr. Syme moved to withdraw as counsel, based upon Movant's allegations
12   that counsel conspired with the government, was ineffective, and made misrepresentations.[17]
13   Movant opposed the motion to withdraw on the basis that the circumstances cited by counsel
14   existed prior to trial, and thus resulted in ineffective assistance of counsel at trial.[18]   The
15   motion to withdraw was granted, and Movant was given an opportunity to retain counsel or
16   complete a financial affidavit for appointment of counsel.  Movant refused to complete the
17   affidavit, and proceeded to represent himself.[19]

18   Following various interlocutory appeals,[20] Movant was sentenced on May 23, 2002 to
19   a prison term of 33 months and 3 years of supervised release.[21]

20   //

21

22

23

24

25

26

27

28

---

[9]   R.T. 8/23/01, #101 at 4-5.
[10]   Order 8/29/01, #60.
[11]   Motion to Dismiss Indictment, #62.
[12]   M.E. 9/25/01, #79.
[13]   M.E. 9/25/01, #79.
[14]   M.E. 9/25/01, #79.
[15]   R.T. 9/26/01, #184 at 137-141.
[16]   M.E. 9/25/01, #79; Verdict, #81.
[17]   Motion to Withdraw, 1/24/02, #107.
[18]   R.T. 2/4/02, #180 at 7.
[19]   M.E. 2/19/2, #114.
[20]   #86, 88, and 92.
[21]   M.E. 5/23/03, #164, Judgment #165.

**C.  PROCEEDINGS ON DIRECT APPEAL**

Movant filed an appeal with the Ninth Circuit Court of Appeals, asserting five claims:

1.      The trial court erred by denying the motion to dismiss the indictment as duplicitous.

2.      Movant's due process rights were violated when he was improperly deported.

3.      Movant should not have been sentenced as an aggravated felon because his prior convictions did not qualify as aggravated felonies at the time of conviction.

4.      Movant's sentence was improperly enhanced by his prior convictions because the statutes violated were not listed in the pre-sentence report.

5.      Movant received ineffective assistance of counsel at trial.

The Ninth Circuit rejected the first four grounds, and declined to address the ineffective assistance claim on direct appeal.[22]  The conviction and sentence were affirmed on February 12, 2003.

Movant did not seek certiorari review,[23] and his conviction became final upon expiration of his 90 days to seek such review, or on May 13, 2003.[24]

**E.  PRESENT FEDERAL HABEAS PROCEEDINGS**

Movant filed the instant Motion to Vacate, Set Aside or Correct Sentence (#218) on May 4, 2004, along with a Memorandum in Support (#221) filed May 21, 2004.  Movant filed a series of supplements and serial amendments  (#223, 224, 226, 229, 231, 235, 240 and 241). These were stricken by an Order entered November 5, 2004 (#242).  Movant subsequently filed a motion to amend (#246), which was granted (#247), permitting Movant to file his Amended Memorandum in Support, filed January 11, 2005 (#248).  Movant again moved to amend (#249), which was denied (#250), and Movant was given thirty days to file any further

---

[22] Response, #228, Exhibit 8, Appellate Memorandum Decision.
[23] Motion #218 at 1.
[24] *See Clay v. U.S.,*  537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires."); Rule 13, Rules of the Supreme Court of the United States.

motion to amend.[25]  Movant filed a motion to amend on February 25, 2005 (#253) which was granted (#255).  Movant's current Amended Memorandum in Support was filed March 31, 2005 (#256).   Respondent filed its Amended Response (#257) on April 20, 2005, incorporating by reference the original Response (#228)..

Movant then filed a series of motions to extend time to reply (#258, 262, and 268). Movant finally filed his Reply (#271) on November 7, 2005.  Movant filed a Notice of Errata (#272) on November 14, 2005.

In the meantime, Movant has also filed a Motion for Contempt of Court (#233-1) and Motion for  Sanctions (#233-2), and another Motion for Sanctions (#260).

The Motion to Vacate, as supplemented by the Amended Memorandum (#256) asserts the following grounds for relief:

1.   **Brady Violation** - The Government failed to disclose an April 11, 1997 memorandum from the INS tending to show Movant's deportation during the pendency of an immigration appeal, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).[26]

2.   **Lack of Deportation** - The INS unlawfully denied Movant his right to judicial review of his removal, rendering Petitioner's deportation invalid, and therefore that element of his re-entry conviction could not be proven at trial.[27]

3.   **Jury Instructions and Verdict** - The trial court utilized improper jury instructions and jury verdict forms, including:

a.   **Instructions on Deportation and Re-Admission** - The trial court improperly failed to instruct the jury on the law concerning deportations, admissions, and applications for re-admission, resulting in the jury failing to determine whether Movant was returning unlawfully. [28]

b.   **Instruction on Specific Intent** - The trial court erred in failing to

---

[25] Movant objected (#251, 252)to orders numbered 247 and 250.  The objections have not been ruled upon.
[26] Amended Memorandum, #256 at 1-5.
[27] Amended Memorandum #256 at 5-9a.
[28] Amended Memorandum #256 at 9a-10.

instruct the jury on the requirement of specific intent, despite the fact that the indictment alleged a specific intent crime, "attempt to enter."[29]

    c.   **Amendment of Indictment by Verdict Form** - The verdict form improperly amended the indictment to allege only the "found in" charge.[30]

    d.   ***Apprendi* Violation** - Movant's sentence was improperly based on hearsay in the presentence report, and on inadequately established prior convictions.[31]

4.   **Ineffective Assistance of Counsel** - Movant was denied effective assistance of counsel because trial counsel:

    a.   **Inexperience** - Had never tried a federal case before, and failed to tell Movant of his inexperience.[32]

    b.   **Conflict of Interest** - Had a conflict of interest because Movant had accused him of stealing from Movant during the course of representing Movant in a state court matter.[33]

    c.   **Motion to Dismiss** - Failed to adequately argue the motion to dismiss the indictment.[34]

    d.   **Psychiatric Examination** - Failed to oppose the government's motion for psychiatric examination.[35]

    e.   **Plea Negotiations** - Continued plea negotiations after learning of the proposed sentence and being instructed not to participate in any settlement conference.[36]

    f.   **Brady Materials** - Failed to seek all materials which should have been

---

[29] Amended Memorandum #256 at 10-11
[30] Amended Memorandum #256 t 11-13.
[31] Amended Memorandum #256 at 13-17.
[32] Amended Memorandum #256 at 17.
[33] Amended Memorandum #256 at 17-18.
[34] Amended Memorandum at 20.
[35] Amended Memorandum #256 at 20-21.
[36] Amended Memorandum #256 at 21.

disclosed by the Government.[37]

g.   **Trial Continuance** - Agreed to a trial continuance sought by the Government to prepare witnesses, resulting in Movant's trial occurring two weeks after the terrorist bombings of September 11, 2001.[38]

h.   **Jury Selection** - Failed to propose alternative voir dire questions or instructions.[39]

i.   **Election of Charges** - Failed to oppose the Government's failure to elect which alternate theory of the charges it was proceeding under.[40]

j.   **Presence of Agent and INS Box** - Failed to oppose the presence at trial of an INS/ICE Agent, and the presence at the prosecution's table of a file box labeled as Movant's immigration file.[41]

k.   **Witness Statements** - Failed to request copies of all prior statements of government witnesses, particularly the INS/ICE agents.[42]

l.   **Admission of "A-File"** Failed to object to admission of Movant's INS file, which included unauthenticated foreign documents.[43]

m.   **Alienage** - Failed to challenge the sufficiency of the evidence on Movant's alienage, thus limiting appellate review to plain error.[44]

n.   **Exhibit Copies** - Failed to preserve copies of the Government's exhibits.[45]

o.   **No Defense** - Failed to submit a defense.[46]

p.   **Jury Instructions** - Failed to propose jury instructions on methods of lawful re-entry, and to retain copies of jury instructions and verdict

---

[37] Amended Memorandum #256 at 21.
[38] Amended Memorandum #256 at 21-22.
[39] Amended Memorandum #256 at 22
[40] Amended Memorandum #256 at 22.
[41] Amended Memorandum #256 at 23.
[42] Amended Memorandum #256 at 24.
[43] Amended Memorandum #256 at 24.
[44] Amended Memorandum #256 at 25.
[45] Amended Memorandum #256 at 26
[46] Amended Memorandum #256 at 26.

forms.[47]

q.  **Post Trial Motions** - Failed to file post-trial motions challenging proof of alienage, sufficiency of the evidence, etc.[48]

r.  **Reply Re Motion for Acquittal** - Failed to file a reply in support of Movant's motion for acquittal, and failed to check the docket for a response to the motion, after a response not received from the Government.[49]

s.  **Sentencing Continuance** - Failed to oppose a continuance of the sentencing.[50]

t.  **Withdrawal** - Withdrew as counsel of record without refunding fees.[51]

u.  **Disclosure of Psychiatric Report** - Disclosed to the ABA Movant's sealed psychiatric report.[52]

5.  **Unlicensed Prosecutor** - The prosecuting attorney, Mrs. Lisa E. Jennis Settel was not at the time of trial licensed to practice law in the state of Arizona, rendering Movant's conviction invalid.

### III. APPLICATION OF LAW TO FACTS

**A. CLAIMS DECIDED BY NINTH CIRCUIT -  Grounds 2 and Part of 3**

Respondent asserts that Movant's Ground Two (Immigration Appeal) and Ground Three (Jury Instructions and Verdict Form) have already been litigated before the Ninth Circuit Court of Appeals, and thus cannot be re-litigated here.

Ordinarily, the doctrines of res judicata and collateral estoppel do not apply to habeas corpus proceedings. *Sanders v. U.S.*, 373 U.S. 1, 8 (1963). However, the law of the case doctrine is applicable on federal habeas review. *Shore v. Warden*, 942 F.2d 1117, 1123 (7th

---

[47] Amended Memorandum #256 at 26-27.
[48] Amended Memorandum #256 at 27.
[49] Amended Memorandum #256 at 27-28.
[50] Amended Memorandum #256 at 28.
[51] Amended Memorandum #256 at 28.
[52] Amended Memorandum #256 at 28.

Cir. 1991).  "The law of the case doctrine ordinarily precludes a court from re-examining an issue previously decided by the same court, or a higher appellate court, in the same case."  *U.S. v. Caterino*, 29 F.3d 1390, 1395 (9th Cir. 1994) (quoting *U.S. v. Maybusher*, 735 F.2d 366, 370 (9th Cir. 1984), *cert. denied,* 469 U.S. 1110 (1985)).  Under this doctrine, a district court will ordinarily refrain from acting if an appellate court previously has issued a decision on the merits of the claim.  *U.S. v. Caterino,* 29 F.3d at 1395.  Thus, the Ninth Circuit has long held that "[i]ssues disposed of on a previous direct appeal are not reviewable in a subsequent petition under 2255."  *Stein v. U.S.*, 390 F.2d 625, 626 (9th Cir. 1968).

Movant's Reply does not distinguish his claims in Grounds Two and Three from the issues resolved in his direct appeal.  Nor, for the following reasons, does the undersigned see any distinction.

Movant's Amended Memorandum in Support explains the basis for Ground Two is the completion of his removal while his appeal and habeas attack on his removal order were still pending, in violation of his rights to due process.[53]  That was the same issue resolved by the Ninth Circuit when it held:

> Second, Cohen contends that his due process rights were violated when he was improperly deported.  We disagree.  Under any interpretation of the procedural history at his prior deportation proceedings, Cohen failed to demonstrate that there was a stay of deportation in effect when he was deported.  Accordingly, we conclude that he has not shown any due process violation or resulting prejudice.[54]

Thus, the issues presented by Movant in his Ground Two have already been resolved by the Ninth Circuit, and may not be re-examined by this Court.

Movant's Memorandum in Support explains that his Ground Three is founded primarily upon the submission of instructions and verdict forms to the jury that addressed only the "found in"[55] form of illegal re-entry, while the Indictment included all three formulations

---

[53] Amended Memorandum, #256 at 5-9a.
[54] Response, #228, Exhibit 8, Appellate Memorandum Decision at 2.
[55] The Ninth Circuit holds that 8 U.S.C. § 1326 delineates three distinct offenses for a deported alien: to "enter," to "attempt to enter," and to be "found in" the United States without permission.  *See U.S. v. Pacheco-Medina*, 212 F.3d 1162 (9th Cir. 2000).

"entered, attempted to enter, or was found in."[56]   The Ninth Circuit considered and rejected this claim:

> First, Cohen contends that the trial court erred by denying his motion to dismiss the indictment as duplicitous.  However, any ambiguity in the indictment was cured when the government elected to rely only on one offense in the count and the jury was instructed only on that distinct offense.[57]

Granting Movant relief on his Ground Three would require a reconsideration of the appropriateness of relying upon only one of the formulations of illegal re-entry.  That issue has already been resolved by the Ninth Circuit and is not open to reconsideration here.

Some of Movant's arguments on his Ground Three give the appearance of a broader attack on the jury instructions and form of verdict, e.g. the failure to instruct on the law concerning permission from the Attorney General for a deported alien to re-enter, or failure to comply with the holding in *Apprendi.*[58]  It is not apparent from the record provided that this argument was made to or decided upon by the Ninth Circuit.  However, to the extent that it was not, it should have been and, as discussed hereinafter, is now procedurally defaulted.

**B.  PROCEDURAL DEFAULT  - Grounds 1, Part of 3 and 5**

**1.  Procedurally Defaulted Claims**

Ordinarily a Section 2255 movant raising a claim for the first time in post-conviction proceedings is in procedural default, and is precluded from asserting the claim.  *Bousley v. United States,* 523 U.S. 614, 621(1998)(finding default where movant did not raise claim in direct appeal); *United States v. Frady,* 456 U.S. 152, 165 (1982) (noting that a motion to vacate or modify a sentence under 28 U.S.C. § 2255 cannot be used as a substitute for a direct appeal).  To overcome such default, the movant would have to establish a fundamental miscarriage of justice by showing either (1) "cause" and actual "prejudice" to explain the default, or (2) that he was "actually innocent" of the crime for which he was indicted. *Bousley*,

---

[56]  Amended Memorandum, #256 at 9a-17.
[57]  Response, #228, Exhibit 8, Appellate Memorandum Decision at 2.
[58]  Memorandum, #221 at 9-10.

523 U.S. at 622.  However, claims of ineffective assistance of counsel need not be exhausted on direct appeal, but are properly brought in the first instance in a Motion pursuant to 28 U.S.C. § 2255.  "We do hold that failure to raise an ineffective-assistance-of-counsel claim on direct appeal does not bar the claim from being brought in a later, appropriate proceeding under § 2255." *Massaro v. United States,* 538 U.S. 500, 509 (2003).

Movant's first ground for relief , based upon a failure to disclose materials as required under *Brady v. Maryland*, 373 U.S. 83 (1963), etc., was not asserted on direct appeal.  Neither were his various objections to the form of jury instructions and verdict forms in Ground Three, nor was his claim in Ground Five that the prosecutor was unlicensed.  Consequently, these claims are now procedurally defaulted.

## 2.  Fundamental Miscarriage of Justice

In the Order (#239) granting leave to file a reply, the Court alerted Movant to the Respondent's claim of procedural default and the need to establish cause and prejudice or actual innocence.  To date, Movant has not offered any cause to excuse his procedural default. The undersigned finds none.

Neither has Movant established actual innocence.  While Movant argues various legal grounds for the overturning of his conviction, he does not assert that he did not commit the offense for which he was convicted.

The standard for "actual innocence" is the same as that applied in evaluating whether to allow successive habeas petitions.   *Sawyer v. Whitley*, 505 U.S. 333, 338 (1992). That standard was articulated in *Kuhlmann v. Wilson,* 477 U.S. 436 (1986) as follows:

> [T]he prisoner must "show a fair probability that, in light of all the evidence, including that alleged to have been illegally admitted (but with due regard to any unreliability of it) and evidence tenably claimed to have been wrongly excluded or to have become available only after the trial, the trier of the facts would have entertained a reasonable doubt of his guilt."

*Id.*, 477 U.S., at 455, n. 17, quoting Friendly, *Is Innocence Irrelevant? Collateral Attack on Criminal Judgments*, 38 U.Chi.L.Rev. 142, 160 (1970).

At best, Movant argues that his prior deportation was invalid, and thus he cannot be

1   guilty of re-entry.  However, that argument has been foreclosed by the Ninth Circuit's rejection

2   of it on Movant's direct appeal.

3          Movant also argues that he was lawfully admitted through the Detroit, Michigan port of

4   entry,  and thus cannot be determined to have been "found in" the United States.[59]  However,

5   Movant's authority for this assertion is the Government's Notice of Intent to Reinstate Prior

6   Order, which does not establish an inspection and admission.  While it does assert an entry  "at

7   or near Detriot, Michigan," it also asserts that the entry was illegal.[60]  Movant also asserts that

8   such a lawful entry was established by the testimony at trial of Agent Haggerty.  However,

9   Agent Haggerty testified that a Canadian citizen being permitted to enter through a port of

10  entry would not have obtained the permission of the Attorney General necessary for a legal re-

11  entry after deportation.[61] Moreover, the offense of being "found in" the U.S., under 8 U.S.C.

12  § 1326 does not require pleading or proof of an illegal "entry."  *U.S. v. Rodriguez-Rodriguez,*

13  364 F.3d 1142 (9th Cir. 2004).

14         Accordingly, Movant has failed to establish any miscarriage of justice which relieves

15  him of the effect of his procedural default.  Accordingly, Ground One (*Brady* violation), those

16  portions of Ground Three (jury instructions) not raised by Movant on direct appeal (and thus

17  barred from reconsideration herein), and Movant's Ground Five (unlicensed prosecutor) are

18  barred from consideration in the current habeas proceeding.

19

20  **C. INEFFECTIVE ASSISTANCE OF COUNSEL  - Ground 4**

21         For his fourth ground for relief, Movant asserts ineffective assistance of trial counsel

22  for a host of reasons.  As noted above, this claim is not subject to the normal procedural

23  default rules, and thus is subject to consideration in this habeas proceeding.

24         Generally, claims of ineffective assistance of counsel are analyzed pursuant to

25  *Strickland v. Washington*, 466 U.S. 668 (1984).   In order to prevail on such a claim,

26

27         [59]  Amended Memorandum, #256 at  9a-9b.
           [60]  Amended Memorandum, #256, Exhibit E, Notice of Intent.
28         [61]  R.T. 9/26/01, #184 at 84-85.

petitioner must show: (1) deficient performance - counsel's representation fell below the objective standard for reasonableness; and (2) prejudice - there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 687-88, 694. Although the petitioner must prove both elements, a court may reject his claim upon finding either that counsel's performance was reasonable or that the claimed error was not prejudicial. *Id.* at 697.  The court hearing an ineffective assistance of counsel claim must consider the totality of the evidence with an eye toward the ultimate issue of whether counsel's conduct so undermined the functioning of the adversarial process that the proceeding lacked fundamental fairness. *Id.* at 686; *United States v. Zazzara*, 626 F.2d 135, 138 (9th Cir.1980) (finding that a claim of ineffective assistance of trial counsel on the ground that counsel failed to move to suppress an indictment must fail because such a motion would have been futile).

Each of Movant's claims of ineffectiveness will be addressed in turn.

**1.  Inexperience**

Movant asserts that Counsel had never tried a federal case before, and failed to tell Movant of his inexperience.  Movant argues that when he found out, he fired trial counsel, but trial counsel refused to tell the court.[62]  Respondent counters Movant's factual assertions with an affidavit of trial counsel asserting an extensive career of criminal defense and trial work, and a denial that Movant ever discharged him.[63]

The mere inexperience of counsel does not establish deficient performance.  "Every experienced criminal defense attorney once tried his first criminal case . . . The character of a particular lawyer's experience may shed light in an evaluation of his actual performance, but it does not justify a presumption of ineffectiveness in the absence of such an evaluation." *U.S. v. Cronic,* 466 U.S. 648, 665 (1984).  Thus, even if it is assumed that trial counsel had never tried a federal case, nor any case, that does not establish his ineffectiveness.

Movant asserts that counsel refused to tell the court that he had been discharged, and

---

[62] Memorandum #221 at 14.
[63] Response, #228, Exhibit 10, Syme Affidavit at ¶¶ 1-5.

1   that Movant was precluded from alerting the Court.  Indeed, the day before trial, Movant was

2   instructed by the Court to speak only through counsel.  However, that was not a generic

3   admonition, but one related to Movant's attempts to reargue the motion to dismiss the

4   indictment, and to assert a motion to suppress.  The Court responded:

5               THE COURT: Well, those are matters that I'm not going to take up at this
            time, and I will continue - - I will - - I will require that you speak through
6           your lawyer at such time as it is appropriate, but this is not the purpose
            of this morning's hearing to hear matters of that type.[64]

7   Thus, Movant was not precluded from asserting a request to discharge counsel.

8       Moreover, to the extent that Movant is asserting that counsel was ineffective for failing

9   to make such a motion on Movant's behalf, Movant has failed to show prejudice from such

10  failure.  While a criminal defendant has a right to counsel of his choosing, that right is not

11  absolute, but is subject to the discretion of the Court, particularly when made on the eve of

12  trial.  *U.S. v. Castro*, 972 F.2d 1107, 1109 (9th Cir. 1992).  *See also U.S. v. McClendon*, 782

13  F.2d 785, 789 (9th Cir.1986) (motion made on the first day of trial was untimely); *U.S. v.

14  Garcia*, 924 F.2d 925, 926 (9th Cir.), *cert. denied*, 501 U.S. 1210 (1991) (motion filed six

15  days prior to trial untimely).  Such eleventh hour requests are considered based upon a

16  determination of whether there is such a breakdown in communication or other conflict that

17  it precludes an ability to conduct a defense.  *Castro*, 972 F.2d at 1110.  Movant's basis for

18  requesting discharge would have been counsel's belated disclosure of his lack of federal court

19  experience.  The distinction between trial practice in federal district court and the Arizona

20  state courts, where counsel did have considerable experience, is not so great as to have

21  justified an eleventh hour discharge of counsel.  Failure to bring a futile motion to withdraw

22  cannot be said to have been prejudicial.  *Zazzara*, 626 F.2d at 138.

23      Movant also asserts that trial counsel "did not meet with the Movant to discuss his case

24  and prepare for trial with him."[65]  While he certainly complains of a variety of deficiencies in

25  counsel's performance, Movant does not suggest what ill effect the lack of such meetings or

26

27

28      [64] R.T. 9/24/01, #102 at 5.
        [65] Memorandum, #221 at 14.

1   additional preparation had on his trial. "Even if there was no effective communication, the

2   petitioner has not made any showing of even the possibility of prejudice, a prerequisite for a

3   grant of habeas based on ineffective assistance of counsel." *Hutchins v. Garrison*, 724 F.2d

4   1425, 1430-31 (4th Cir. 1983).

5   **2.  Conflict of Interest**

6          Movant asserts that counsel had a conflict of interest because Movant had accused him

7   of stealing from Movant during the course of representing Movant in a state court matter.[66]

8   Respondent argues that Movant has failed to establish an actual conflict of interest.[67]

9          Indeed, Movant offers no evidence of any misappropriation of property by counsel, nor

10  even that a dispute existed between them over such an issue until the time of counsel's motion

11  to withdraw.  The only support Movant offers for this claim is a reference to his statements at

12  the hearing on trial counsel's motion to withdraw.  Those statements are conclusory, and

13  provide no evidence of an actual conflict.

14                  ...he should have withdrawn before the trial because these things
                existed, this conflict of interest existed before the trial, I told him I
15              didn't want him to be the trial attorney, and they involve my belief that he
                was involved in stealing $30,000 of my property.[68]

16  Moreover, Movant's assertions are inconsistent with his initial opposition to trial counsel's

17  motion to withdraw.

18                  THE COURT: Well, answer my question first.  Do you want
                another lawyer or not?
19                  THE DEFENDANT: Well, not - - I - - I'm completely surprised
20              by all of this.  I wasn't served with a copy of Mr. Syme's motion.  I'm
                reading it now.  And I disagree with it.  He hasn't provided any
21              documentation to support it and as far as I - - - it seems to me that
                everybody - - -that - - that I'm rather unwanted. . . .Now to top it off my
22              own lawyer wants to get rid of me instead of helping me...[69]

23  Thus, the undersigned finds Movant's claim of actual conflict of interest is conclusory and

24  unsupported.

25  //

26  _____

27  [66] Amended Memoranucm, #256 at 17-19.
    [67] Amended Response, #257 at 11.

28  [68] Amended Memorandum, #256, Exhibit P, R.T. 2/4/02 at 7.
    [69] Amended Memorandum #256, Exhibit P, R.T. 2/4/02 at 4-5.

1 **3.  Motion to Dismiss**

2      Movant argues that trial counsel was ineffective for failing to adequately argue the

3 motion to dismiss the indictment.[70]  Respondent argues that trial counsel argued three motions

4 to dismiss, albeit unsuccessfully.[71]

5      Movant's argument is based primarily upon the belief that trial counsel should have

6 moved to dismiss the indictment on the basis that the Government had not made an election

7 of offenses between the "entered," "attempted to enter," and "found in" allegations.  However,

8 as pointed out by Respondent, trial counsel made just such a motion, filed September 13, 2001

9 (#62).[72]

10      Moreover, Movant incorrectly assumes that such a motion would or should have

11 resulted in a dismissal of the indictment.  To the contrary, an election of offenses, and deletion

12 of the remainder as surplusage has been accepted as an appropriate remedy for a duplicitous

13 indictment, particularly where the competing offenses are interrelated such that the defendant

14 is not prejudiced in his trial preparations.  *See U.S. v. Aguilar*, 756 F.2d 1418, 1423 (9th Cir.

15 1985).

16      Moreover, the Ninth Circuit rejected the heart of this claim in disposing of Movant's

17 direct appeal.  Accordingly, this Court must conclude that any attempt by trial counsel to seek

18 dismissal on this basis was, or would have been, futile.

19      Plaintiff also makes a series of unsupported allegations in support of his argument

20 about counsel's failure to file motions to dismiss:

21            Not filing competent, clear and understandable pleadings in the Movant's
22            motions to dismiss on the prior deportation and stay issues, not
              correcting the court's confusion in its orders between administrative and
              judicial review, not answering the scenario question put by the Court...[73]

23 Movant does not support his allegations by referencing any specific errors or omissions, nor

24 any references to the record.  Nor does Movant show that prejudice resulted from these errors.

25

26

----

27      [70]  Amended Memorandum at 20.
        [71]  Original Response, #228 at 11.
28      [72]  A copy of the Motion to Dismiss (#62) is attached as Exhibit 5 to the Original Response, #228.
        [73]  Amended Memorandum #256 at 20.

**4. Psychiatric Examination**

Movant argues that trial counsel was ineffective for failing to oppose the government's motion for psychiatric examination.  Movant does not argue any prejudice from the examination itself, but argues that the granting of the motion resulted in a delay of the trial.[74] Movant argues no other prejudice other than the delay in trial.  He does not, however, establish how that delay altered the outcome of the trial, other than to argue that he ultimately was tried after the September 11, 2001 terrorist attacks in New York City and Washington D.C.  Even if it is presumed that the jury acted out of bias on the basis of the 9/11 terrorist attacks, Movant does not attempt to suggest that reasonable counsel would have anticipated those attacks.  Counsel's conduct is not evaluated with the benefit of hindsight, but from his perspective at the time. *Kimmelman v. Morrison,* 477 U.S. 365, 381 (1986); *Strickland,* 466 U.S. at 689

Moreover, trial counsel has avowed that he did not oppose the motion for psychiatric evaluation because he was concerned about Movant's competence and believed that the evaluation might be useful at trial.[75] Thus, even if it could be assumed that counsel should have anticipated some harm from the delay associated with the evaluation, opting for the evaluation would have been a reasonable tactical choice. "A reasonable tactical choice based on an adequate inquiry is immune from attack under *Strickland*." *Gerlaugh v. Stewart,* 129 F.3d 1027, 1033 (9th Cir. 1997).

**5.  Plea Negotiations**

Movant argues that trial counsel was ineffective for continuing plea negotiations after learning of the proposed sentence and being instructed not to participate in any settlement conference.[76] Respondents argue that participation in the settlement conference was a reasonable tactical choice.

Even if it is assumed that counsel's participation was somehow deficient performance,

---

[74] Amended Memorandum #256 at 20-21.
[75] Original Response #___, Exhibit 10, Syme Affidavit at ¶ 10.
[76] Amended Memorandum #256 at 21.

1    Movant does not describe any prejudice from counsel's participation in these proceedings.

2    **6.  Brady Materials**

3    Movant argues that trial counsel was ineffective for failing to seek all materials which

4    should have been disclosed by the Government.[77]  Respondent argues that trial counsel did

5    request and receive all relevant material.

6    The only document identified by Movant in this Ground Four for relief that trial counsel

7    failed to obtain was "INS witness Scot Lee Sutterfield's April 11, 1997 Memorandum.[78]  In

8    connection with Ground Two, Movant argues that this Memorandum should have been

9    disclosed and would have impacted the outcome of the trial.[79]  However, this document would

10   have only been relevant to Movant's argument that he had not been deported.  Because the

11   Ninth Circuit has considered this claim, and rejected it, this Court must conclude that any

12   attack on Movant's deportation would have been futile.  Accordingly, Movant cannot show

13   prejudice from trial counsel's failure to obtain material to bolster an argument now

14   conclusively established to be futile. Further, Movant does not identify what facts are

15   established by this document, nor how those facts would have altered the outcome of his trial.

16   Movant has failed to show prejudice from any failure to obtain documents.

17   **7.  Trial Continuance**

18   Movant argues that trial counsel was ineffective for agreeing to a trial continuance

19   sought by the Government to prepare witnesses, resulting in Movant's trial occurring two

20   weeks after the terrorist bombings of September 11, 2001, and in failing to subsequently seek

21   a continuance.[80]  As discussed above, however, trial counsel could not have anticipated those

22   bombings, and counsel's actions cannot be judged with the benefit of hindsight.  *Kimmelman*,

23   477 U.S. at 381.  Moreover, Movant offers nothing to show that his jury was in fact biased as

24   a result of the terrorist bombings. Movant's speculation is not adequate to sustain a claim of

25   ineffective assistance of counsel. *See Shah v. United States*, 878 F.2d 1156, 1161 (9th Cir.),

---

[77]  Amended Memorandum #256 at 21.
[78]  Attached to the Petition, #218 as Exhibit A.
[79]  Amended Memorandum, #256 at 7.
[80]  Amended Memorandum #256 at 21-22.

1  *cert. denied*, 493 U.S. 869 (1989).

2  **8.  Jury Selection**

3       Movant argues that trial counsel was ineffective for failing to propose alternative voir

4  dire questions or instructions.[81]  Again, however, Movant offers no specific alternatives, nor

5  does he suggest any errors or deficiencies in the questions or instructions used.  He simply

6  concludes that effective counsel would have submitted "some different/additional" questions

7  and instructions.[82]  As noted by Respondents, the Court conducted a thorough voir dire of the

8  prospective jurors.[83]  This claim is unsupported and without merit.

9  **9.  Election of Charges**

10      Movant argues that trial counsel was ineffective for failing to oppose the Government's

11  failure to elect which alternate theory of the charges it was proceeding under.[84]  However, as

12  discussed above in connection with the claim that trial counsel should have filed a motion to

13  dismiss on this issue, counsel did pursue this issue by way of a motion to dismiss.  Moreover,

14  Movant suggests no prejudice from any failure of counsel to demand an election of  charges

15  as opposed to pursuing a motion to dismiss.  This claim is unsupported and without merit.

16  **10.  Presence of Agent and INS Box**

17      Movant argues that trial counsel was ineffective for failing to oppose the presence at

18  trial of an INS/ICE Agent, and the presence at the prosecution's table of a file box labeled as

19  Movant's immigration file.[85]

20      Movant cites no authority for the proposition that the box could or should have been

21  excluded.  Movant shows no prejudice from the presence of the box, but merely surmises that

22  the box "impl[ied] the Movant had an extensive record when he did not."[86]  Given the nature of

23  Movant's arguments about his long and complicated appeals of his deportation, it would not

24  have been surprising nor misleading to a juror that the Government's file on Movant would be

---

[81] Amended Memorandum #256 at 22.
[82] Amended Memorandum #256 at 22.
[83] R.T. 9/25/01, #183 at 15-119.
[84] Amended Memorandum #256 at 22.
[85] Amended Memorandum #256 at 23.
[86] Amended Memorandum #256 at 23.

1   substantial.  Movant offers nothing to support a conclusion that the file was interpreted to

2   reflect an extensive criminal record.    The testimony about the box identified it as an

3   immigration related alien file.[87]  Nor does Movant show that counsel would have had any basis

4   for attempting to force the Government to leave its file out of the courtroom.

5          Movant argues that allowing Agent Haggerty to remain in the courtroom allowed him

6   to tailor his testimony to match and supplement the testimony of other prosecution

7   witnesses.[88]  However, Movant does not identify the matched or supplemental testimony.

8          Movant suggests that Agent Haggerty was able to insure that one of the other testifying

9   agents, Agents Guillory and Sutterfield,  could identify Movant.  However, Movant offers

10  nothing to establish that Agent Haggerty improperly communicated with either of these other

11  agents.  Nor does he show or even argue that he was misidentified in these proceedings.

12         Finally, Movant suggests that Agent Haggerty's presence allowed him to attempt to

13  influence the jury and coach witnesses with his non-verbal communication and to build a

14  rapport with the jury to enhance his credibility.  However, Movant offers no evidence of any

15  specific instance of such conduct.  Nor does he show that the evidence in this case was in

16  significant dispute, so that the absence of such conduct would have altered the outcome of the

17  trial.[89]

18  **11.  Witness Statements**

19         Movant argues that trial counsel was ineffective for failing to request copies of all prior

20  statements of government witnesses, particularly the INS/ICE agents.[90]  However, Movant does

21  not identify any relevant statement that counsel had not obtained, nor how obtaining them

22  would have altered the outcome of his trial.  This claim is unsupported and without merit.

23  **12.  Admission of "A-File"**

24         Movant argues that trial counsel was ineffective for failing to object to admission of

25

26  [87]  R.T. 9/26/01, #184 at 26-27.
    [88]  Reply, #271 at 14.

27  [89]  Indeed, trial counsel argued in closing arguments that there were no disputed facts, just a question whether
    being "waved on through" at a border check station amounted to consent to re-enter the country.  R.T. 9/26/01, #184
28  at 137-138.
    [90]  Amended Memorandum #256 at 24.

1   Movant's INS file, which included unauthenticated foreign documents.[91]   However, Movant

2   offers no basis for objecting to the admission of the file.  Movant argues that counsel's failure

3   to object limited appellate review to a review for plain error.  However, Movant does not

4   identify any viable basis for appeal lost as a result.

5         Movant does assert that various documents were not self authenticated under Federal

6   Rule of Evidence 902.[92]  "However, complying with Rule 902 is not the only means of authenticating

7   a document. 'Under the Federal Rules of Evidence, documents may provide their own authentication or

8   the necessary foundation may be established by extrinsic evidence.'"  *U.S. v. Childs*, 5 F.3d 1328, 1336

9   (9th Cir. 1993) (quoting *U.S. v. Chu Kong Yin*, 935 F.2d 990, 994 (9th Cir.1991)).  Movant does not

10   assert that the other, extrinsic foundations, were inadequate.  More importantly, Movant points to no record

11   which was, in fact, not authentic.

12         Movant also argues that any government documents were not admissible because they

13   were not signed by the INS District Director.[93]  In support of this argument, Movant cites to

14   a series of deportation cases, finding that in immigration proceedings immigration service

15   records were not only admissible, but presumed to be correct in the absence of evidence to the

16   contrary presented by the alien.  *See e.g. Lopez-Chavez v. INS*, 259 F.3d 1176, 1181 (9th Cir. 2001).

17   *See also  Espinoza v. INS*, 45 F.3d 308, 311 (9th Cir.1995).  These cases have no application in this

18   criminal proceeding where no such presumption applied.  Moreover, Movant again offers no argument or

19   evidence that the documents were not authentic.

20   **13.  Alienage**

21         Movant argues that trial counsel was ineffective for failing to challenge the sufficiency

22   of the evidence on Movant's alienage, thus limiting appellate review to plain error.[94]  Again,

23   however, Movant offers no basis for asserting an insufficiency of evidence of alienage other

24   than his unsupported attacks on the authenticity of the documents admitted into evidence.  This

25   claim is unsupported and without merit.

26    

27       [91]   Amended Memorandum #256 at 24.
    [92]   Amended Memorandum #256 at 25.

28       [93]   Amended Memorandum #256 at 25.
    [94]   Amended Memorandum #256 at 25.

**14.  Exhibit Copies**

Movant argues that trial counsel was ineffective for failing to preserve copies of the Government's exhibits.  Movant asserts that trial counsel failed to obtain copies of the exhibits, and mistakenly believed that they would be maintained by the Clerk of the Court.[95] However, Movant does not assert any prejudice from any such failure by trial counsel.  This claim is without merit.

**15. No Defense**

Movant argues that trial counsel was ineffective for failing to submit a defense.[96] However, Movant does not assert any defense that could have been asserted beyond that attempted by trial counsel.  Nor does Movant show that any defense would have been successful.  While complete failure to defend a criminal case is ineffective assistance, the constitution does not require counsel to manufacture a defense where none exists.  *See U.S. v. Hamilton*, 792 F.2d 837 (9th Cir. 1986).  This claim is without merit.

**16.  Jury Instructions**

Movant argues that trial counsel was ineffective for failing to propose jury instructions on methods of lawful re-entry, and to retain copies of jury instructions and verdict forms.[97]

Movant does not propose how different jury instructions could have been obtained by defense counsel.  The trial court instructed the jury:

> I instruct you that an alien who has been excluded, deported or removed from the United States may not enter the United States unless, prior to his reembarkation at a place outside the United States or his application for admission from a neighboring foreign country, the Attorney General or the Immigration and Naturalization Service acting on behalf of the Attorney General of the United States has expressly consented to his reapplying for admission into the United States.[98]

No evidence of a written application for re-entry was presented, merely the agent's testimony that Movant admitted upon apprehension that he had entered through Detroit, where a port of entry is located, and where people are regularly admitted without production of documentation,

---

[95] Amended Memorandum #256 at 26
[96] Amended Memorandum #256 at 26.
[97] Amended Memorandum #256 at 26-27.
[98] R.T. 9/26/01, #184 at 151-152.

just identification and answering questions about the nature of the visit to the United States.[99] However, a border agent cannot effectively grant permission to re-enter by simply "waving on through" a border crosser. *Compare U.S. v. Cervantes-Flores*, 421 F.3d 825, 834 (9th Cir. 2005) (outlining the process for applying for readmission, including an application to the Attorney General under 8 C.F.R. § 212.2 and an application to the State Department for a visa under 22 C.F.R. § 42.61),  *Lazarescu v. United States,* 199 F.2d 898, 901 (4th Cir. 1952) (holding that although an immigration inspector had previously admitted a defendant into the United States after deportation, express consent to return to the United States after deportation must come from the Attorney General, and the immigration inspector who admitted the defendant lacked the authority to grant this permission)*and  U.S. v. Henry,* 111 F.3d 111, 112 (11th Cir. 1997) (upholding without discussion trial court's jury instruction that "officials and employees of a U.S. Consulate and Immigration Inspectors at points of entry into the United States are not designees of the Attorney General for the purposes" of reentry under 8 U.S.C. § 1326),  *with U.S. v. Martus,* 138 F.3d 95, 97 (2nd Cir. 1998) (considering at least the possibility that a border agent's consent is sufficient).  Even if a border agent's "waving on through" were sufficient, however, "no express consent to reapplication for admission could be found where a deported alien reenters without informing the INS officials of his prior deportations." *Martus*, 138 F.3d at 97.  Here there was no evidence to support such notice to the border agents at the time of Movant's re-entry.  Thus, Movant has not shown any basis for a jury instruction other than the one given.

Movant offers no reason for trial counsel to have retained copies of jury instructions or verdict forms, nor does Movant point to any prejudice from trial counsel's failure to do so.

**17.  Post Trial Motions**

Movant argues that trial counsel was ineffective for failing to file post-trial motions challenging proof of alienage, sufficiency of the evidence, etc.[100]   Again, Movant does not show how any such motions would have been successful or even worthwhile bringing.  Movant

---

[99] R.T. 9/26/01, #184 at 77-78.
[100] Amended Memorandum #256 at 27.

merely conclusorily asserts that such motions should have been filed.  For example, Movant does not make any argument why the evidence of his alienage was inadequate.  To the extent that Movant relies upon his claims that his "A-File" should not have been admitted, that argument is disposed of hereinabove.

The undersigned cannot find that trial counsel was performing defectively in failing to bring any such motions.

**18.  Reply Re Motion for Acquittal**

Movant argues that trial counsel was ineffective for failing to file a reply in support of Movant's motion for acquittal, and failing to check the docket for a response to the motion, after a response was not received from the Government.[101]  Even if it is assumed that trial counsel performed defectively when he failed to check dockets, or file replies, Movant has not shown that the filing of any reply would have altered the outcome of the trial, e.g. by showing that the motion would have been granted but for the lack of such reply.  This claim is unsupported and is without merit.

**19.  Sentencing Continuance**

Movant argues that trial counsel was ineffective for failing to oppose a continuance of the sentencing.[102]  Movant argues that the continuance was for the purpose of allowing the government to file supervised release violation charges, when counsel knew Movant was not on supervised release.  However, Movant does not assert nor establish any prejudice from the continuance.  Accordingly, this claim is unsupported and without merit.

**20.  Withdrawal**

Movant argues that trial counsel was ineffective for withdrawing as counsel of record without refunding fees.[103]  Counsel withdrew because of a conflict of interest and breakdown in communications.  Because Movant argues that trial counsel was ineffective for failing to withdraw earlier because of the conflict of interest, Movant's claim must be read as

---

[101] Amended Memorandum #256 at 27-28.
[102] Amended Memorandum #256 at 28.
[103] Amended Memorandum #256 at 28.

challenging trial counsel's failure to refund fees.  However, Movant does not establish that Counsel had any obligation to return any of the fees paid, nor does Movant argue or establish that any prejudice resulted from the failure to return any fees that might have been due.  This claim is unsupported and is without merit.

**21.  Disclosure of Psychiatric Report**

Finally, Movant argues that trial counsel was ineffective for disclosing to the ABA Movant's sealed psychiatric report.[104]  Assuming trial counsel's performance was defective for making such disclosure, Movant has not established how such actions prejudiced Movant in the present criminal proceedings.  This claim is unsupported and without merit.

**D.  SUMMARY**

Movant's Ground Two (Lack of Deportation) and the portions of Ground Three challenging his conviction on only a portion of the indictment, were decided by the Ninth Circuit, cannot be relitigated here, and must be dismissed.  Movant's Ground One (Brady Materials), the portions of Ground Three based upon jury instructions and verdict forms, and Five (Unlicensed Prosecutor) are procedurally defaulted, and must be dismissed.  Movant's Ground Four (ineffective assistance of counsel) is without merit, and must be denied.

### IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that Grounds One, Two, Three and Five of the Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed May 4, 2004 (#218) be **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that the remainder of Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255, filed May 4, 2004 (#218), including Ground Four, be **DENIED**.

---

[104] Amended Memorandum #256 at 28.

## V. EFFECT OF RECOMMENDATION

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to *Rule 4(a)(1), Federal Rules of Appellate Procedure*, should not be filed until entry of the district court's judgment.

However, pursuant to *Rule 72(b), Federal Rules of Civil Procedure,* the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be considered a waiver of a party's right to *de novo* consideration of the issues. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(*en banc*).

DATED: January 6, 2006

_____
JAY R. IRWIN
United States Magistrate Judge

- 26 -